## Cummin *against* Wilson.

An act which violates a positive legal prohibition is void. Hence, a defendant can not maintain an action against a plaintiff for a penalty, for not serving a rule of reference which he had entered previously to filing a declaration.

ERROR to *Juniata* county.

John Cummin had sued George Wilson in the common pleas, and previously to filing a declaration or statement, he entered a rule of reference, which he did not serve upon Wilson. This action was then brought by Wilson against Cummin to recover the penalty for not serving that rule, in pursuance of the act of assembly; and the question was, whether the plaintiff could recover, there having been no declaration or statement filed when the rule was entered. The court below directed the jury that the plaintiff was entitled to recover.

*A. S. Wilson*, for the plaintiff in error, cited, 16 *Serg. & Rawle* 243.

*Parker*, for the defendant in error.

PER CURIAM.—An act which violates a positive legal prohibition is void; as in Allison *v.* Rheam, 3 *Serg. & Rawle* 139, where a *capias ad satisfaciendum*, executed in the first instance, was held to make the party who issued it a trespasser. Here a rule of reference by the plaintiff before declaration filed, was positively forbidden; and the rule actually entered was therefore void. What then, on a discovery of his error, was the plaintiff to do? Certainly not to incur costs by proceeding on a rule which could have produced no other consequences to either party. It was not for such a case that the penalty was provided, but for those where the opposite party might be baffled by recourse to a reference as a measure of delay, with a design to abandon it when the object of it should be accomplished. No such object could be accomplished by what was an absolute nullity; nor consequently was the penalty incurred by the abandonment of it. The direction therefore was erroneous, that the want of a declaration at the entry of the rule was not fatal to the plaintiff's right to recover.

Judgment reversed.